IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELYN B. N'JAI,  )
  )
   Plaintiff,  )
  )
vs.  )  Civil Action No. 07-1506
  )  Judge Nora Barry Fischer
MR. HOMER C. FLOYD, et al,  )
  )
   Defendants.  )

# MEMORANDUM ORDER AS TO DEFENDANTS ANTHONY SANCHEZ AND ANDREW & PRICE

Upon consideration of Defendants Anthony Sanchez and Andrew & Price's (hereinafter "Defendants") Motion to Dismiss (Docket No 22]), Brief in Support (Docket No. [23]), and Plaintiff's Response thereto (Docket No. [38] and[39]), on this 3rd day of March, 2008, this Court HEREBY GRANTS said Motion to Dismiss with PREJUDICE and ORDERS that Defendants Anthony Sanchez and Andrews & Price be dismissed from this action and stricken from the caption in this matter.

## I.    Introduction

The Court construes Plaintiff's complaint to assert the following claims against Defendants: (1) at Counts 1, 2, and 3, violation of her civil rights under 42 U.S.C. Sections 1983, 1985, 1986, 1988; (2) at Count 4,violation of Title VII, 42 U.S.C. Section 2000e, *et seq*. ("Title VII"), violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. ("ADA"), and violation of the Pennsylvania Whistleblower Act, 43 P.A. § 1421, *et seq*. ("Pennsylvania Whistleblower Act"); (3) at Count 5, violation of the Freedom of Information Act, 5 U.S.C. 552 ("Freedom of Information

1

Act"), and violation of the Right to Know Act, 65 P.S. § 66.1, *et seq*. The Court will address each of these claims, in turn.

## II. Standard

Considering the recent decisions in *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007) and the Third Circuit's interpretation in *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025 at *5 (3rd Cir. 2008), a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." "In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "The issue is not whether a [Plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*. Overall, "courts have an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

Finally, Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *Id*. At 235. In this matter, the Courts feels that allowing Plaintiff to amend, even though she is acting in a pro se capacity, would be futile.

### III. Analysis

#### A. Section 1983 and 1985 Claims

The Court construes Plaintiff's complaint to assert Section 1983 and 1985 claims against the subject Defendants based upon their representation as "school solicitor for the state and liability insurance company for state employees" and by providing legal advice to the School Defendants. (Docket No. 3 at ¶¶ 36, 38, 66, 67). Plaintiff's allegations are insufficient to establish a cause of action under section 1983 and 1985 because she has failed to show that Defendants are state actors. At the time of the occurrences outlined in Plaintiff's Complaint, Defendants were counsel to Wilkinsburg School District and the Pittsburgh Board of Public Education. (Docket No. 3 at ¶ 8).

Attorneys performing their traditional functions will not be considered state actors for purposes of section 1983 solely on the basis of their position as officers of the court. 42 U.S.C. § 1983. See *Polk County v. Dobson*, 102 S.Ct. 445 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Further, Plaintiff's section 1985 claims against Defendants alleging a conspiracy to interfere with her civil rights are insufficient as a matter of law. Plaintiff's alleged conspiracy claims are based on the attorney-client relationship between the Defendants, while acting in their legal capacity, and the School Districts, and therefore can not support a claim under section 1985. See *Heffernan v. Hunter*, 189 F.3d 405, 413.

Accordingly, Plaintiff's section 1983 and 1985 claims against Defendants are dismissed with prejudice.

**B.  Section 1986 and 1988 Claims**

In order to have a viable claim under section 1986, a plaintiff must first establish a claim under section 1985. See *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980). This Court has dismissed Plaintiff's 1985 claims against Defendants, therefore, Plaintiff's claims under section 1986 are also dismissed.

Moreover, Plaintiff's section 1988 claims for attorney fees are dismissed because (1) only prevailing parties are to be awarded attorney's fees under this statute and (2) a pro se litigant, who is not a lawyer, is not entitled to attorney's fees. See 42 U.S.C. § 1988; *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Plaintiff is not a prevailing party as to the subject Defendants. Further, since plaintiff is proceeding with this matter pro se, she is not entitled to attorney's fees.

Accordingly, the Court DISMISSES Plaintiff's Section 1986 and 1988 claims, with

prejudice.

### C. Title VII, ADA, and Whistleblower Claims

Plaintiff's Title VII and ADA claims against the Defendants are DISMISSED as neither Defendant has ever been Plaintiff's employer as required under these statutes in order to maintain a cause of action.[1] See *Randolph v. Cooper Industries*, 879 F. Supp. 518 (W.D. Pa. 1994) citing *Barb v. Miller* 861 F.Supp. 356, 359 (W.D.Pa. 1994).

Additionally, Plaintiff's claims against Defendants under the Pennsylvania Whistleblower Act are also DISMISSED with prejudice as neither Defendant holds the status of an "employer" as defined in this Act. See *Davis v. Parking Authority of the City of Pittsburgh*, No. 07-0429, 2007 U.S. Dist. WL 2343808 at *5-6 (W.D. Pa. Aug. 14, 2007).

### D. Freedom of Information Claims

The Freedom of Information Act only applies to federal agencies. 5 U.S.C.A. § 552(a); *Fetzer v. Cambria County Human Service*, 384 F.Supp. 2d 813 (W.D. Pa. 2005). No person can be sued in his or her individual capacity under said Act. *Id.* Further, the private right of action created under said Act does not apply to county agencies or officials. *Id.* Accordingly, whether Defendant Anthony Sanchez is sued in his individual capacity or as counsel for Wilkinsburg School District and the Pittsburgh Board of Education, there is no private right of action under this Act. Moreover, Defendant Andrews & Price is a law firm and not a federal agency. Therefore, Plaintiff's Freedom of Information Claims are DISMISSED against said Defendants with prejudice.

---

[1] The Court notes that the definition of the term employer in Title VII and the ADA is nearly identical. 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(J)(A).

### E. Right to Know Claims

The intent of the Right to Know Act is to allow individuals and entities access to public records to discover information about the workings of government, favoring transparency and public access regarding any expenditure of public funds. 65 P.S. § 66.1 et seq. Plaintiff's Right to Know claims are DISMISSED against Defendants as neither constitutes an agency or public entity to which this Act applies. 65 P.S. § 66.1-66.4; *Current Status, Inc. v. Hykel*, 778 A.2d 781 (Pa. Commw. Ct. 2005).

### II. Conclusion

Accordingly, for the reasons set forth above, this Court GRANTS Defendants' Motion to Dismiss and DISMISSES all claims against Defendants, Anthony Sanchez and Andrew & Price WITH PREJUDICE. Further, the Court ORDERS that said Defendants be stricken from the caption in this matter.

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 3, 2008

cc/ecf: All counsel of record

Jacquelyn B. N'Jai (Via Regular Mail)