# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELYN B. N'JAI, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 07-1506 |
| | ) | Judge Nora Barry Fischer |
| MR. HOMER C. FLOYD, et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AS TO DEFENDANT PITTSBURGH BOARD OF PUBLIC EDUCATION

### I. Introduction

Upon Consideration of Defendant Pittsburgh Board of Public Education's (hereinafter "Defendant") Motion to Dismiss (Docket No [27]), Memorandum of Law in Support (Docket No. [28]), and Plaintiff's Response thereto (Docket No. [39]), on this 3rd day of March, 2008, this Court HEREBY GRANTS said Motion to Dismiss without prejudice. The Court further ORDERS that Plaintiff may file an amended complaint by April 3, 2008, if she chooses to pursue her claims against said Defendant.

### II. Standard

Under *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct.1955 (2007), a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Recently, the Third Circuit identified "two new concepts" within the *Twombly* decision: (1) a plaintiff's obligation under Rule 8 "to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," but Rule 8 requires "that the

'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,' " in other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025, at *4 (3d Cir. Feb. 5, 2008) (citing *Twombly*, 127 S.Ct. at 1964-65, 1966, & n.3). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). Finally, Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally. *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).

**III.     Analysis**

Defendant argues that Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure regarding pleading requirements and grounds for claim of relief. (Docket No. 28 at 4). Specifically, Defendant argues that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure (hereinafter Fed. R. Civ. P.) 8(a) in that she merely provides labels and conclusions, not clearly delineating or giving notice to Defendant as to which causes of action she alleges against them. *Id*. at 4. Further, Defendant maintains that Plaintiff failed to state each claim or occurrence in a separate count as required by Fed. R. Civ. P. 10. *Id*. at 7. Accordingly, Defendant moves to dismiss Plaintiff's complaint for failure to state a claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed. R.

Civ. P. 12(e). *Id*. at 9.

This Court finds Defendant's arguments to be persuasive. Even construing Plaintiff's complaint liberally, as this Court must, the Court finds that Plaintiff's complaint lacks clarity and requires amendment, to conform to the pleading requirements of this Court.

### IV. Conclusion

Accordingly, the Court GRANTS Defendant's Motion to Dismiss [27] without prejudice. Further, this Court ORDERS Plaintiff to file an amended complaint in compliance with the recent decisions in *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007), and the Third Circuit's interpretation of same as set out in *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025 at *5 (3rd Cir. 2008) if she chooses to continue to pursue these claims. Specifically, Plaintiff's amended complaint should abide by Fed. R. Civ. P. 8 and 10. Said Amended Complaint shall also be filed on or before April 3, 2008. Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute.

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 3, 2008

cc/ecf: All counsel of record

Jacquelyn B. N'Jai (via Regular Mail)