# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELYN B. N'JAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-1506 |
| ) | Judge Nora Barry Fischer |
| MR. HOMER C. FLOYD, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER AS TO DEFENDANT WILKINSBURG SCHOOL DISTRICT

**I.    Introduction**

Upon consideration of Defendant Wilkinsburg School District's (hereinafter "Defendant") Motion to Dismiss (Docket No [31]), Brief in Support (Docket No. [32]), and Plaintiff's Responses thereto (Docket No. [38] and [39]), on this 5th day of March, 2008, this Court HEREBY GRANTS in part and DENIES in part said Motion to Dismiss. The Court further ORDERS that Plaintiff may file an amended complaint on or before April 3, 2008, if she chooses to pursue her claim.

**II.    Standard**

Under *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Recently, the Third Circuit identified "two new concepts" within the *Twombly* decision: (1) a plaintiff's obligation under Rule 8 "to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," but Rule 8 requires "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,' " in other

1

words, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025, at *4 (3d Cir. Feb. 5, 2008) (citing *Twombly*, 127 S.Ct. at 1964-65, 1966, & n.3). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). Finally, Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally. *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).

**III.    Analysis**

The Court construes Plaintiff's complaint to assert the following claims against Defendant: (1) at Counts 1, 2, and 3, violation of her civil rights under 42 U.S.C. §§ 1983, 1985, 1986, 1988 [1]; (2) at Count 4, violation of Title VII, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. ("ADA"), and violation of the Pennsylvania Whistleblower Act, 43 P.A. § 1421, *et seq*. ("Pennsylvania Whistleblower Act"); (3) at Count 5, violation of the Freedom of Information Act, 5 U.S.C. § 552 ("Freedom of Information Act"), and violation of the Right to Know Act, 65 P.S. § 66.1, *et seq*. The Court will address each

---

[1] The Court notes that at Count 3, in addition to these claims, Plaintiff also asserts "violations of the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (Docket No. 3 at p. 13).

of these claims, in turn.

### A. Plaintiff's Section 1983 Claims

Defendant first moves to dismiss Plaintiff's section 1983 claims arising on or before November 6, 2005 because they are barred by the applicable statute of limitations. (Docket No. 32 at p. 3). The Court finds this argument persuasive. Under section 1983, the applicable statute of limitations is two years. *See Ferderbar v. County of Allegheny*, No. 05-1518, 2006 U.S. WL 909478, at *3 (W.D. Pa. Apr. 7, 2006)( citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In this matter, Plaintiff filed a motion for leave to proceed in forma pauperis, attaching her complaint, on November 6, 2007. "While a complaint accompanied by a motion to proceed in forma pauperis is not deemed 'filed' until leave to proceed in forma pauperis is granted, the filing of the motion has been held to toll applicable statutes of limitations." *Adams v. Heckler*, 624 F. Supp. 63 (E.D. Pa. 1985). Therefore, applying the applicable two year statute of limitations, Plaintiff's section 1983 claims arising on or before November 6, 2005 are time-barred.

Next, Defendant moves to dismiss Plaintiff's remaining section 1983 claims "because she fails to present allegations concerning the relevant conduct, time, place of the alleged infringement as well as the specific identity of those responsible." (Docket No. 32 at p. 3). Construing Plaintiff's complaint liberally, the Court finds that Plaintiff's complaint lacks clarity and requires amendment.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss with prejudice as to any and all of Plaintiff's section 1983 claims arising on or before November 6, 2005. In addition, the Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's remaining section 1983 claims without prejudice and ORDERS that Plaintiff may file an amended complaint in compliance with the Federal Rules of Civil Procedure, in the event she chooses to continue pursuing her claims

against said Defendant.

### B. Plaintiff's Section 1983 and 1985 Conspiracy Claims

The Court and Defendant also construe Plaintiff's complaint to allege claims for conspiracy under sections 1983 and 1985. **(**Docket No. 3 at §§ 14, 38, 39, 56, 57).

Similar to this Court's analysis at A, the Court dismisses with prejudice all conspiracy claims under sections 1983 and 1985 occurring on or before November 6, 2005 because said claims are untimely. *See Ferderbar v. County of Allegheny*, No 05-1518, 2006 WL 909478, at *3 (W.D. Pa. Apr.7, 2006) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

Further, Plaintiff's remaining allegations are insufficient to state a conspiracy claim under sections 1983 and 1985. To state a section 1983 and 1985 conspiracy claim, Plaintiff "must allege specific facts 'of a combination, agreement or understanding among all or between any defendants along with 'factual allegations that the defendants plotted, planned, or conspired together to carry out the chain of events.'" The Plaintiff's complaint merely mentions the following words and phrases: "acted in cohorts", "co conspirators", "Defendants conspired." (Docket No. 3 at ¶¶ 14, 38, 39, 56, 57). Accordingly, Plaintiff's allegations of conspiracy are insufficient to state a conspiracy claim because they are vague and conclusory. In addition, it is unclear from Plaintiff's complaint which Defendants are accused of being involved in a conspiracy against her. Moreover, she has failed to allege the particular facts reflecting such conspiracy. See *Pellegrino Food Products Co., Inc. V. City of Warren*, 136 F.Supp. 2d 391, 409 (W.D. Pa. 2000) (citing *Hammond v. Creative Financial Planning Org. Inc.*, 800 F.Supp 1244, 1249 (E.D. Pa. 1997)); *Startzell v. City of Philadelphia*, No. 05-5287, slip op. at 3 (E.D. Pa. May 26, 2006) (citing *Amulung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974)).

4

Accordingly, Plaintiff's conspiracy allegations which concern events prior to November 6, 2005 are DISMISSED with prejudice. As to any remaining section 1983 and 1985 conspiracy claims, Plaintiff may file an amended complaint, if she chooses to proceed with these claims.

**C. Plaintiff's Section 1986 Claims**

In order to have a viable claim under Section 1986, a plaintiff must first establish a claim under section 1985. *See Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980). This Court has dismissed Plaintiff's 1985 claims against Defendant, therefore, Plaintiff's claims under section 1986 are also dismissed.

Further, section 1986 specifically provides for a one-year limitations period for filing actions thereunder. Pursuant to this limitations period, Plaintiff can not impose liability against Defendant under 42 U.S.C. 1986 based on events that occurred prior to November 6, 2006, one year prior to the filing of the instant lawsuit. 42 U.S.C. 1986; *See Pondexter v. Allegheny County Housing Authority*, 2007 WL 3120289, at *12 (W.D.Pa. Oct. 23, 2007). Accordingly, Plaintiff's claims under section 1986 occurring on or before November 6, 2006 are DISMISSED with prejudice. Plaintiff may file an amended complaint as to any remaining section 1986 claims.

**D. Plaintiff's Section 1988 Claims**

Plaintiff's section 1988 claims for attorney fees are dismissed because a pro se litigant, who is not a lawyer, is not entitled to attorney's fees. *See* 42 U.S.C. § 1988; *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). In this matter, Plaintiff is a pro se litigant who is not a lawyer and therefore she is not entitled to attorney's fees. Accordingly, Plaintiff's section 1988 claims are DISMISSED with prejudice.

**E. Plaintiff's Title VII and ADA Claims**

5

In Count 4 of Plaintiff's Complaint, the Court construes Plaintiff's allegations as asserting a violation of Title VII and the ADA against Defendant. Defendant points out that Plaintiff only references the existence of a PHRC letter in her complaint, failing to allege the existence of an EEOC Right to Sue letter. (Docket No. 32 at pp.10-11). Consequently, Defendant asserts that Plaintiff's Title VII and ADA claims should be dismissed as she has failed to timely exhaust her administrative remedies as required under these statutes. *Id.* at pp-10-11.

As the district court in *Zimmerman-Craft v. Key Independent Management* stated:

> "The ADA has adopted the enforcement scheme and remedies found in Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§2000e, et seq. See 42 U.S.C. § 12117(a). Under Title VII, a charge of discrimination must be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The EEOC must serve notice of the charge on the employer and investigate the claim. *Id.* If the charge has not been resolved by the EEOC within 180 days after being filed, then the EEOC must issue a right-to-sue letter, or the charging party may request a letter. 42 U.S.C. § 2000e-5(f)(1); 29C.F.R. § 1601.28. Upon receipt of the right-to-sue letter, the complainant has 90 days to bring suit in federal court. *Id.* "The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter." *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted).
>
> Although exhaustion of the administrative charge is not a jurisdictional requirement, it is a statutory prerequisite to commencing a civil action. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270, 282 (3d Cir. 1989) ("Filing a charge and receiving a right to sue letter are prerequisites to an individual's bringing suit under Title VII." ). "The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Burgh*, 251 F.3d at 470 (citations omitted). Importantly, the Third Circuit has declared that "[a] complainant may not bring a Title VII suit without having first

6

received a right-to-sue letter." *Id.* (citations omitted). "
*Zimmerman-craft v. Key Independent Management*, No. 06-1245, slip. op. at 1-2 (W.D. Pa. Jun. 28, 2007).

The Court finds Defendant's argument persuasive. Accordingly, if the Plaintiff intends to pursue this claim, Plaintiff is ordered to amend her complaint to more specifically plead the events surrounding her EEOC Right to Sue letter as to her alleged Title VII and ADA claims

### F. Plaintiff's Pennsylvania Whistleblower Act Claims

The Pennsylvania Whistleblower Act prohibits an employer from taking an adverse employment action against an employee who "makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste." 43 P.S. §1423(a). Further, "a person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation." 43 P.S. § 1424(a). In Plaintiff's complaint, she fails to allege any instance of retaliation that occurred within 180 days of the filing of her complaint. Accordingly, Plaintiff's claims under the Pennsylvania Whistleblower Act are DISMISSED, without prejudice. If Plaintiff intends to pursue this claim, Plaintiff can amend her complaint.

### G. Plaintiff's Freedom of Information Act Claims

The Freedom of Information act only applies to federal agencies. 5 U.S.C.A. § 552(a); *Fetzer v. Cambria County Human Service*, 384 F.Supp. 2d 813 (W.D. Pa. 2005). Accordingly, because Defendant Wilkinsburg School District is not a federal agency, Plaintiff's Freedom of Information Claims are DISMISSED as to said Defendant with prejudice.

### H. Plaintiff's Right to Know Act Claims

The intent of the Right to Know Act is to allow individuals and entities access to public records to discover information about the workings of government, favoring transparency and public access regarding any expenditure of public funds. 65 P.S. § 66.1 et seq. The Court finds Plaintiff's allegations pertaining to her Right to Knows claims to be vague. In fact, Plaintiff does not provide sufficient detail as to what documents or information trigger her claimed violation of the Right to Know Act. Accordingly, Plaintiff's Right to Know Claims are DISMISSED, without prejudice. Plaintiff may amend her complaint if she chooses to pursue this claim.

**IV.  Conclusion**

As set forth above, the Court GRANTS Defendant's Motion to Dismiss and ORDERS that the following claims are DISMISSED, with prejudice:

(1) Plaintiff's section 1983 claims arising on or before November 6, 2005 as these claims are time-barred;

(2) Plaintiff's conspiracy claims under Sections 1983 and 1985 occurring on or before November 6, 2005 as these claims are time-barred

(3) Plaintiff's section 1986 claims occurring on or before November 6, 2006 as these claims are time-barred;

(4) Plaintiff's section 1988 claims;

(5) Plaintiff's Freedom of Information Act claims.

Because the Court is unable to determine (at this point) that the following claims are futile, the Court grants Plaintiff leave to amend and file her amended complaint on or before

April 3, 2008. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (providing that in the event that a complaint fails to state a claim, district court should allow amendment unless to do so would be futile).

       (1) Plaintiff's remaining 1983 claims;

       (2) Plaintiff's remaining section 1983 and section 1985 conspiracy claims;

       (3) Plaintiff's remaining 1986 claims;

       (4) Plaintiff's Title VII and ADA claims;

       (5) Plaintiff's Pennsylvania Whistleblower claims; and

       (6) Plaintiff's Right to Know Act claims.

The Court notes that if Plaintiff files an amended complaint as to said claims, the complaint must comply with the recent decisions in *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007) and the Third Circuit's interpretation of same in *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025, at *5 (3rd Cir. 2008). Specifically, Plaintiff's amended complaint should abide by Federal Rules of Civil Procedure 8 and 10.

Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute.

                                              */s/Nora Barry Fischer*
                                              Nora Barry Fischer
                                              United States District Judge

Dated: March 5, 2008

cc/ecf:  All counsel of record
          Jacquelyn B. N'Jai (via regular mail)