## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELYN B. N'JAI, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 07-1506<br>Judge Nora Barry Fischer |
| MR. HOMER C. FLOYD, et al, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER AS TO COMMONWEALTH DEFENDANTS**

**I.    Introduction**

Upon consideration of Defendants Floyd, Glassman, Yiengst, Flipping, Hardiman, Zuniga, the PA Human Relations Commission, and the Human Relations Commission's, (collectively hereinafter, the Commonwealth Defendants) Motion to Dismiss (Docket No [35]), Brief in Support (Docket No. [36]), and Plaintiff's Response thereto (Docket No. [40]), on this 5th day of March, 2008, this Court HEREBY GRANTS in part and DENIES in part said Motion to Dismiss. The Court further ORDERS that Plaintiff may file an amended complaint on or before April 3, 2008.

**II.    Standard**

Under *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Recently, the Third Circuit identified "two new concepts" within the *Twombly* decision: (1) a plaintiff's obligation under Rule 8 "to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

1

a formulaic recitation of the elements of a cause of action will not do," but Rule 8 requires "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,' " in other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Phillips v. County of Allegheny*, --- F.3d ----, 2008 WL 305025, at *4 (3d Cir. 2008) (citing *Twombly*, 127 S.Ct. at 1964-65, 1966, & n.3).  Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). Finally, Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally. *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).

**III.     Analysis**

The Court construes Plaintiff's complaint to assert the following claims against Defendants in their official capacities: (1) at Counts 1, 2, and 3, violation of her civil rights under 42 U.S.C. Sections 1983, 1984, 1985, 1986, 1987, 1988 [1], and (2) at Count 5, violation of the Freedom of Information Act, 5 U.S.C. 552 ("Freedom of Information Act"), and violation of the Right to Know

---

[1] The Court also notes that at paragraph 7 and at Count 3, in addition to these claims, Plaintiff also asserts "violations of the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Docket No. 3 at ¶ 7, p. 13).

Act, 65 P.S. § 66.1, *et seq.*[2] As to these latter claims, Plaintiff states that the PA Human Relations Commission employees were not qualified and they were prohibited from getting pertinent information. She also claims that the PA Humans Relations Commission misrepresented its policies and participated in a conspiracy with Anthony Sanchez who has been dismissed from this case. The Court will address each of these claims below.

### A. Plaintiff's 42 U.S.C. §§ 1983, 1985, 1986, and 1988 Claims

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment and /or the doctrine of sovereign immunity. (Docket No. 36 at pp. 7-8). The Court finds this argument persuasive. "The Eleventh Amendment bars any claim by the plaintiff against the PHRC as well as any claim for monetary damages against PHRC employees acting in their official capacities"[3] as the

---

[2] The Court also construes Plaintiff's complaint to allege violations of Title VII, 42 U.S.C. Section 2000e, et seq. ("Title VII"), violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and violation of the Pennsylvania Whistleblower Act, 43 P.A. § 1421, et seq. ("Whistleblower Act"). However, these allegations do not seem to be directed against these Defendants. In the event, the Court is misconstruing Plaintiff's complaint, the Court notes that claims pursuant to Title VII, ADA, and the Whistleblower Act against Defendants are inactionable because Defendants have not been, and are not alleged to have been, Plaintiff's employer. See *Randolph v. Cooper Industries*, 879 F. Supp. 518 (W.D. Pa. 1994) citing *Barb v. Miller* 861 F.Supp. 356, 359 (W.D.Pa. 1994); *Davis v. Parking Authority of the City of Pittsburgh*, No. 07-0429, 2007 U.S. Dist. WL 2343808 at *5-6 (W.D. Pa. Aug. 14, 2007).

[3] Defendant argues that Plaintiff's complaint does not mention Defendants Floyd, Glassman, Yiengst, Hardiman or Zuniga. (Docket No. 36 at p. 10). The only Defendant referenced in the complaint is Defendant Flipping, who is merely alleged to have told Plaintiff that she would prevail in a charge of discrimination filed with the PHRC. *Id*. Therefore, Defendant maintains that Plaintiff's claims against the individual Commonwealth Defendants, even if raised against them in their individual capacities, should be dismissed. *Id*. The Court finds this argument persuasive.

3

PHRC is deemed a state agency.[4] *Kehres v. Pennsylvania Human Relations Board of Review*, No. 05-3498, 2005 WL 2456005, at *1 (E.D. Pa. Oct.5, 2005). *See Collins v. Sload*, No. 06-1638, 2007 WL 43380 (3rd Cir. Jan. 2, 2007 ) (Eleventh amendment barred plaintiff's sections 1983, 1985, 1986, 1988 claims against state officials in their official capacities and against state agency). No exceptions are applicable in this case as Pennsylvania has not consented to suit in federal court. 42 Pa. Cons. Stat. § 8521(b).[5] Accordingly, all of Plaintiff's claims against Defendants in their official capacities, specifically 42 U.S.C. §§ 1983, 1985, 1986, 1988, are DISMISSED with prejudice against said Defendants.

### B. Plaintiff's §§ 1984 and 1987 Claims

In Count 3 of Plaintiff's complaint, she alleges constitutional violations under "sections1983-1988.) (Docket No. 3 at p. 13). Defendant maintains that Plaintiff can not raise claims pursuant to section 1984 and 1987. (Docket No. 36 at p. 6)[6]

As Defendants assert, Plaintiff's section 1984 claims against Defendants are DISMISSED with prejudice since this section does not exist.

Section 1987 applies to "The United States attorneys, marshals, and deputy marshals, and the United States magistrate judges appointed by the district and territorial courts." *See* 42 U.S.C.

---

[4] The Court construes Plaintiff's complaint as only asserting claims against Defendants in their official capacities. (Docket No. 3 at ¶ 11). To the extent that Plaintiff is asserting claims against said Defendants in their individual capacities, said claims are dismissed without prejudice as she fails to mention their names, let alone, allege personal involvement. Plaintiff is permitted leave to amend in accordance with the Federal Rules of Civil Procedure.

[5] Another exception, abrogation of sovereign immunity by Congress, does not apply here.

[6] Defendants' arguments as to Plaintiff's alleged section 1983, 1985, 1986, and 1988 claims are addressed and ruled on in a separate section in this opinion.

§ 1987. As Defendants argue, section 1987 does not assign any obligations to state agencies or individuals, and does not appear to create a viable cause of action. *Id.* Accordingly, Plaintiff's section 1987 claims against Defendants are DISMISSED with prejudice.

  **C.** **Plaintiff's 1988 Claims**

Plaintiff's section 1988 claims for attorney fees are dismissed because (1) only prevailing parties are to be awarded attorney's fees under this statute and (2) a pro se litigant, who is not a lawyer, is not entitled to attorney's fees. *See* 42 U.S.C. § 1988.; *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). In this matter, Plaintiff can not be considered a prevailing party at this time, and moreover, since Plaintiff is proceeding pro se, she is not entitled to attorney's fees. Accordingly, Plaintiff's section 1988 claims against Defendants are DISMISSED with prejudice.

  **D.** **Plaintiff's Freedom of Information Act Claims**

The Freedom of Information Act only applies to federal agencies. 5 U.S.C.A. § 552(a); *Fetzer v. Cambria County Human Service*, 384 F.Supp. 2d 813 (W.D. Pa. 2005). The PHRC is a state agency. See 43 P.S. § 954, et seq. Accordingly, because the Defendants include individuals in their official capacities and a state agency, none of which qualify as a federal agency, Plaintiff's Freedom of Information Act claims are DISMISSED against said Defendants with prejudice.

  **E.** **Plaintiff's Fifth and Sixth Amendment Claims**

In Count 3, Plaintiff also alleges that Defendants violated her Fifth and Sixth Amendment rights. (Docket No. 3 at p. 13).

Since the Fifth Amendment does not apply to state agencies or officials, Plaintiff's Fifth Amendment claims against Defendants are DISMISSED with prejudice.

The Sixth Amendment pertains to the right to a jury trial in criminal proceedings. See

U.S.C.A. Const. Amend VI. Plaintiff's Sixth Amendment claims against Defendants are DISMISSED with prejudice as none of her allegations pertain to criminal charges or proceedings.

### F. Plaintiff's Right to Know Act Claims

The intent of the Right to Know Act is to allow individuals and entities access to public records to discover information about the workings of government, favoring transparency and public access regarding any expenditure of public funds. 65 P.S. § 66.1 *et seq*. The Court finds Plaintiff's allegations pertaining to her Right to Knows claims vague. Further, Plaintiff does not provide sufficient detail as to what documents or information trigger a violation of the Right to Know Act. The Plaintiff must identify the documents she seeks so this Court may determine whether they fall within the exception argued by the Commonwealth Defendants. (Docket No. 36 at p. 12). Accordingly, Plaintiff's Right to Know Claims are DISMISSED without prejudice. To the extent Plaintiff wants to pursue these claims against the instant Defendants, she must amend her complaint.

## IV.    Conclusion

As set forth above, the Court GRANTS Defendant's Motion to Dismiss and ORDERS that the following claims are DISMISSED with prejudice:

(1) Plaintiff's section 1983 claims;

(2) Plaintiff's section 1984 claims;

(3) Plaintiff's section 1985 claims;

(4) Plaintiff's section 1986 claims;

(5) Plaintiff's section 1987 claims;

(6) Plaintiff's section 1988 claims;

(7) Plaintiff's 5th Amendment Claims;

(8) Plaintiff's 6th Amendment Claims;

However, because the Court is unable to determine (at this point) that Plaintiff's Right to Know Act claims are futile, the Court grants Plaintiff leave to amend and file her complaint on or before April 3, 2008. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (providing that in the event that a complaint fails to state a claim, district court should allow amendment unless to do so would be futile). The Court notes that if Plaintiff files an amended complaint as to said claims, the complaint must comply with the recent decisions in *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007) and the Third Circuit's interpretation of same in *Phillips v. County of Allegheny*, ---F.3d ----, 2008 WL 305025, at *5 (3rd Cir. 2008). Specifically, Plaintiff's amended complaint should abide by Federal Rules of Civil Procedure 8 and 10. Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute.

*/s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 5, 2008

cc/ecf: All counsel of record
Jacquelyn B. N'Jai (via regular mail)